IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA DE LOS ANGELES VALLES-PEREZ | * * * |
| Plaintiff | * * |
| v. | * Civil No. 03-1011(SEC) |
| FRANK ZORRILLA-MALDONADO, et al. | * * * * |
| Defendants | * |

**ORDER ON DEFENDANTS' MOTION IN LIMINE**

Defendants have requested that the Court exclude: (1) some of Plaintiff's witnesses, as their testimony will be cumulative; (2) the "expert" testimony of Plaintiff's treating physician, and; (3) evidence regarding Plaintiff's claim of financial loss.  Plaintiff has filed an opposition to the motion (Docket # 147). We address each of these requests separately.

First, Rule 403 of the Federal Rules of Evidence allows the Court to exclude relevant evidence if "its probative value is substantially outweighed by... considerations of undue delay, waste of time, or needless presentation of cumulative evidence".  Plaintiff argues that she is mindful of the rule's limitation of cumulative evidence and will not burden the Court with evidence that has no substantial incremental value.  At this point in time, the Court is not convinced that the witnesses that Defendants seek to exclude will provide needless cumulative evidence.  As such, Defendants' motion as pertains to this request is **DENIED**.  Defendants may renew their request at trial, if warranted.

Second, Defendants argue that Plaintiff's treating physician could have a conflict of interest if allowed to testify as an expert witness.  The Court notes that although Plaintiff listed him in her Pretrial Memorandum both as a fact and an expert witness, it is not altogether clear that she intends to call him as such.  The description Plaintiff gives of Dr. Pagán's testimony, both in the Pretrial Memorandum and in the opposition to the motion in limine, is closer to that of a lay witness, who, as he also happens to be a treating physician, may state "expert facts".  See, Hernández Loring v. Universidad Metropolitana, 190 F.Supp.

**Civil No. 03-1011(SEC)** 2
-----------------------------------------------------------------------------------------------------

2d 268, 269 (2002).  Furthermore, Hernández Loring, *supra*, which Defendants cited in support of their contention, is clearly contrary to Defendants' request.  There we allowed Plaintiff's former physician to testify as an expert witness and added that any potential conflict of interest could be explored by Defendants via cross examination.  Therefore, Defendants' motion with regards to Dr. Pagán is **DENIED**

Finally, Defendants seek to exclude Plaintiff's evidence regarding her claim of financial loss because, in the pending state-court proceedings, the Puerto Rico Court of Appeals issued a resolution ordering Defendants to reinstate Plaintiff and to pay her $293,578.40 (that sum included her regular salary, sick pay, and bonus from March 8, 2002 until July 8, 2005). Plaintiff admits that the payment has been made, argues that the exclusion is unwarranted, and adds that the problem of double recovery may be attended to by deducting the sum already paid to Plaintiff from any compensation the jury awards for unpaid wages.  The Court understands that this issue should be resolved via a stipulation by the parties allowing the Court to deduct $293,578.40 from any amount the jury awards Plaintiff. In the alternative, the parties may submit a detailed verdict form in which compensation for Plaintiff's financial loss is separated from other types of compensation.  After the jury verdict, if warranted, Defendants could move the Court to deduct the $293,578.40 from the compensation awarded by the jury for the "financial loss" item.  In suggesting that the issue of double recovery be addressed by set-off instead of by excluding relevant testimony, the Court is mindful that the resolution of the Puerto Rico Court of Appeals is not yet final and may be modified in the future.  Therefore, Defendants' request to exclude Plaintiff's evidence of financial loss is **DENIED.**

**SO ORDERED.**
In San Juan, Puerto Rico, this 1st day of August, 2006

S/ Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge